WADDELL & SON, Inc., Respondent, v. KANSAS CITY RAILWAYS COMPANY, Appellant.

In the Kansas City Court of Appeals, January 29, 1923.

1. **WORK AND LABOR:** Evidence Held Sufficient to Show Acquiescence in Request for Additional Work Warranting Finding Rendering Corporation Liable. In an action for reasonable value of services rendered where evidence showed that after plaintiff was employed to do certain work by defendant corporation's board of control, consisting of two men, one of the members of board requested that certain other and additional work be done which plaintiff did, and submitted the results in a letter addressed to board of control, *held* sufficient to show that other member of board knew of, and acquiesced in, the doing of the additional work so as to render corporation liable therefor.

2. **INSTRUCTIONS:** Instruction Held Not Erroneous as Broadening Issues so as to Allow Recovery for Services Rendered, Though Not Requested. In an action to recover reasonable value of services rendered at defendant's request, an instruction to find for plaintiff the reasonable value of any services rendered by plaintiff for defendant at its request, *held* not erroneous as broadening the issues so as to allow plaintiff to recover for any services rendered, whether requested or not.

3. **WORK AND LABOR:** Damages: Reasonable Value: Where There is Conflicting Evidence as to the Reasonable Value of Services Rendered, the Question is One for the Jury. In an action to recover reasonable value of services rendered, where there was evidence at plaintiff's charge was a reasonable one, the question as to the reasonable value thereof was strictly for the jury, though there was substantial evidence to the contrary.

/

Appeal from the Circuit Court of Jackson County.— *Hon. Willard P. Hall,* Judge.

*Kenneth W. Tapp* for respondent.

*Chas. N. Sadler* and *Roscoe P. Conkling* for appellant.

ARNOLD, J.—This is a suit for professional services based upon an implied contract.

Plaintiff is a corporation, organized and doing business as consulting engineers, with its office and place of business at Kansas City, Mo. Defendant is also a corporation and is engaged in operating a street railway system in the cities of Kansas City, Mo., and Kansas City, Kansas, and between the two cities.

The petition charges that between November 27, 1918 and December 19, 1918, plaintiff rendered services to defendant at the latter's special instance and request, in making and preparing an analysis and estimate of the cost of the original structure, and the cost, if rebuilt, of what is known as the Inter-City Viaduct which connects the two cities above named, and in making a valuation and proportioning cost of the street railway portion on said viaduct and in estimating cost of repainting the

same. That said services were of the reasonable value of $1000, and that said sum was due and payable on December 19, 1918; that demand therefor was duly made of defendant but payment was refused. Judgment is asked in the sum of $1000, and interest at six per cent per annum from date it fell due.

The issues were made and formed by the filing by defendant of a general denial. The cause was tried to a jury in the Independence Division of the Jackson County Circuit Court. The verdict and judgment were for plaintiff in the total sum of $1160. After unsuccessful motions for new trial and in arrest, defendant appeals.

The testimony shows that on November 27, 1918, the Board of Control of the defendant company, consisting of Philip J. Kealy and Robert P. Woods, addressed a letter to plaintiff, of which the following is a part:

"1.  Assuming new construction what percent of the total cost of the structure does the Street Railway portion represent?

"2.  Assuming a like structure to be built for vehicular traffic, how much has the cost been increased by providing for Street Railway traffic facilities?

"We desire reasonably accurate estimates and are not expecting you to go into too much of a refinement of analysis. We assume as you were concerned with the original design, that you have the drawings and can make the necessary calculations therefrom.

The testimony further shows that after the receipt of said letter plaintiff mapped out the drawings on the viaduct by partial and final audits to determine how to make the report and decide upon a formula for making the estimates. The formula thus proposed was presented and explained to the Board of Control above named, and was by said board approved. The said formula required a valuation, or estimate of the original cost of the structure, and the cost of reproducing the same. It is also in evidence that there was some talk between Mr. Woods of the Board of Control and one of the members of plain-

tiff corporation, relative to the proportionate cost to defendant of painting the structure, and that Mr. Woods asked this information over the telephone.

The evidence further shows that on December 7, 1918, plaintiff addressed a letter to said Robert P. Woods, member of the Board of Control, Kansas City Railways Company, in which the following occurs:

"Concerning the information you desire on repainting the above named structure, we can advise you as follows:  .  .  .
AFFIRMED.

"To apply one coat (labor only, including the Contractor's profit) would cost 75¢ per ton for the first coat, or about $10,000  .  .  .

"To paint the structure with one coat of 'Dutch Boy' Red Lead would cost from $33,000 to $35,000  .  .  .

"To point the structure with one coat of 'Nobrac' amounts to from $20,000 to $22,000. And to paint the structure with one coat of 'Dutch Boy' Red Lead and two more coats of 'Nobrac' would be as follows:

| | |
|---|---|
| First Coat (Dutch Boy) Labor & Paint ................ | $35,000.00 abt. |
| Second Coat (42,000 @ 55¢), .. | 25,000.00 abt. |
| Paint & Materials ........ | 10,000.00 abt. |
| Third Coat (42,000 @ 50¢), ... | 22,000.00 abt. |
| Paint materials .......... | 10,000.00 abt. |
| | $102,000.00 |

Allowing for scraping off the old paint, it would cost between $90,000 and $105,000, depending upon the kind of paint."

On December 11, 1918, plaintiff addressed a letter to both members of said board, from which the following is a quotation:

"In compliance with the request in your letter of November 27th, as modified later in our conversation

with you at your office, we have made a careful analysis of the entire original cost of the Inter-City Viaduct, including all items such as engineering and right-of-way; and have divided upon a just and equitable basis, the various detailed items between the railway and the highway portions of the structure.''

The testimony fails to show that there was any mention by either party as to the fee to be charged by plaintiff for these services, and no mention of fees ever was made until plaintiff presented its bill for $1,000. It was then suggested by defendant that the same was excessive and payment thereof was refused.

It is first charged that the court erred in refusing to give defendant's instruction D-1, which is as follows:

''The court instructs the jury that in no event can you allow the plaintiff anything for estimating the cost of painting the viaduct.''

It is clear that by this instruction, defendant sought to have the jury instructed that they could not consider any charge made for information with regard to painting the viaduct, on the ground that such work was not asked, requested, or desired by defendant. This instruction is based upon defendant's construction of the evidence on this point to-wit, that if such estimate was requested at all, it was by one member only of the Board of Control, viz., Mr. Robert P. Woods, and, therefore, was not the act of the board.

We do not understand it to be the contention of defendant that there was no evidence that an estimate of the cost of painting the structure was asked. There is, in fact, substantial evidence of record that it was asked by Mr. Woods. We think defendant's position in this respect is not well founded. Under the evidence, as presented in the record, it must be held that the two members, Woods and Kealy, were acting jointly and, apparently, with equal authority to bind the defendant. In plaintiff's letter addressed to Kealy and Woods, as the Board of Control, from which we have quoted, reference is made to ''your letter of November 27, as modi-

fied later in our conversation with you at your office.'' It is in evidence that this modification referred to the estimate of the cost of painting the structure, and therefore we must hold that Woods and Kealy, as the Board of Control, knew of, and acquiesced in, this modification. The question clearly was one for the jury's consideration, and the refusal of the court to give defendant's instruction D-1, was not error.

The second point urged by defendant is that the court erred in giving, of its own motion, instruction C-1, as follows:

''The court instructs the jury to find for plaintiff the reasonable value of any services rendered by plaintiff for defendant at its request with six per cent interest per annum thereon from February 13, 1919, until date. In preparing their verdict the jury should find one sum, including both principal and interest.''

It is charged that this instruction broadens the issues when it tells the jury ''to find for plaintiff the reasonable value of any services rendered by plaintiff for defendant.'' The contention is that this allows plaintiff to recover for any services rendered, or for services rendered on information given defendant with regard to painting the viaduct.

This point was fully covered and ruled against defendant in our ruling under Point 1, above, and needs no further discussion, except to say that the limiting factor in the instruction, to-wit, ''at its request,'' clears said instruction of the element of error charged against it.

Finally, defendant declares the verdict is excessive in two particulars, to-wit, that the services rendered were not reasonably of the value claimed, and that the sum mentioned includes the estimate for painting the structure.

The last point already has been ruled against defendant's contention in what we have said on the instructions. As to the first point, it is proper to call attention to the fact that there is substantial evidence that

213 M. A.—9

the charge was a reasonable one for the services rendered. There also is substantial evidence to the contrary. Where there is a conflict in the evidence, as in this case, the question is strictly one for the jury. The finding was against defendant on this issue, and we are not authorized to disturb it.

Finding no reversible error of record, we affirm the judgment. All concur.